# EXHIBIT A

| Defendant | Adversary Case No. | Status |
|---|---|---|
| AAA Flag & Banner Mfg. Co., Inc. | 17-51044 | Open |
| A. M. Wighton and Sons | 17-51045 | Open |
| Brewer Consulting, Inc. | 17-51046 | Open |
| Bon Suisse, Inc. | 17-51050 | Open |
| Accutherm Refrigeration, Inc. | 17-51054 | Open |
| Alpenrose Dairy, Inc. | 17-51056 | Open |
| Anderson Dairy, Inc. | 17-51057 | Open |
| Arctic Glacier U.S.A., Inc. | 17-51058 | Open |
| Haralambos Beverage Co. | 17-51059 | Open |
| CentryLink, Inc. | 17-51060 | Open |
| Frozen Gourmet, Inc. | 17-51061 | Settled, subject to documentation |
| JSI Store Fixtures Incorporated | 17-51063 | Open |
| Core-Mark International, Inc. | 17-51064 | Settled, subject to documentation |
| Coyle Reproductions, Inc. | 17-51065 | Open |
| Cyma Orchids Corporation | 17-51067 | Open |
| Gourmet Merchants International, Inc. | 17-51075 | Open |
| Granite Telecommunications LLC | 17-51077 | Open |
| E. & J. Gallo Winery d/b/a Gallo Wine Conpany; Gallo Sales Company, Inc. | 17-51078 | Open |
| Federal Health Sign Company, LLC | 17-51080 | Open |
| First Data Merchant Services, LLC | 17-51081 | Open |
| Hickman's Egg Ranch, Inc. | 17-51082 | Open |
| Gauge Consulting, Inc. d/b/a Pada Sushi | 17-51083 | Open |
| Julian Pie Company, LLC | 17-51084 | Open |
| Pacific Beverage Co. | 17-51089 | Open |
| Ivar's Cabinent Shop, Inc. d/b/a Ivar's Displays | 17-51091 | Open |
| Solis Lighting and Electrical Services, Inc. | 17-51092 | Open |
| Kasco, LLC | 17-51093 | Open |
| Synchrogistics, LLC | 17-51096 | Open |
| King Retail Solutions, Inc. | 17-51097 | Open |
| Rief Enterprises, Inc. | 17-51098 | Open |
| Laurel Graphics and Fabrication Company | 17-51102 | Open |
| Township Building Services, Inc. | 17-51105 | Open |
| Design Fabrications, Inc. | 17-51107 | Open |
| Loomis Armored US, LLC | 17-51109 | Open |
| Harbor Distributing Co. | 17-51110 | Open |
| Market Refrigeration Specialists, Inc. | 17-51111 | Open |
| Mayflower Distributing Company, Inc. | 17-51112 | Open |
| Bargreen-Ellingson, Inc. | 17-51117 | Open |

| | | |
|---|---|---|
| Better Planet Distribution USA, LLC | 17-51118 | Open |
| Bunzl Distribution USA, LLC | 17-51119 | Open |
| Crown Pacific Fine Foods, Inc. | 17-51120 | Open |
| Darigold, Inc. | 17-51121 | Open |
| Dawn Food Products, Inc. | 17-51122 | Open |
| Decopac, Inc. | 17-51124 | Open |
| Quaker Sales & Distribution Inc. | 17-51125 | Open |
| Rose Gonzales & Plants, Inc. | 17-51127 | Open |
| Reddy Ice Corporation | 17-51128 | Open |
| Lwin Family Co., LLC | 17-51129 | Open |
| Steve Julius Construction, Inc. | 17-51131 | Open |
| Panda Express, Inc. | 17-51132 | Open |
| Palisades Mediagroup, Inc. | 17-51133 | Settled, subject to documentation |
| National Health Information | 17-51134 | Open |
| Red Bull Distribution Company, Inc. | 17-51135 | Open |
| Red Bird Farms Distribution Company | 17-51136 | Open |
| Penske Logistics LLC | 17-51137 | Open |
| S-L Distribution Company, LLC | 17-51138 | Open |
| ITW Food Equipment Group LLC | 17-51139 | Open |
| Rebis, LLC | 17-51140 | Open |
| Nevada Beverage Co. | 17-51146 | Open |
| Superior Electrical, Mechanical & Plumbing Inc. | 17-51148 | Open |
| Tony's Coffees & Teas, Inc. | 17-51149 | Open |
| IControl Systems USA, LLC | 17-51150 | Open |
| Inderbitzin Distributors, Inc. | 17-51151 | Open |
| Florists' Transworld Delivery, Inc. | 17-51153 | Open |
| DPI Specialty Foods, Inc. | 17-51154 | Open |
| National Food Corporation | 17-51157 | Open |
| Mondelez Global LLC | 17-51158 | Open |
| Medowsweet Farms, Inc. | 17-51159 | Open |
| Key Mechanical Co. of Washington | 17-51161 | Open |
| Marketouch Media, Inc. | 17-51162 | Open |
| PDX, Inc. | 17-51164 | Open |
| Real Soda In Real Bottles, Ltd. | 17-51165 | Open |
| RX.Com Consulting, Inc. | 17-51166 | Open |
| Total Cleaning Solutions, Inc. | 17-51168 | Open |
| Ocean Beauty Seafoods LLC | 17-51169 | Open |
| Pangea-CDS, Inc. | 17-51170 | Settled, subject to documentation |
| Papyrus-Recycled Greetings, Inc. | 17-51171 | Open |
| Peet's Coffee & Tea, LLC | 17-51172 | Open |
| Pro's Choice Beauty Care, Inc. | 17-51173 | Open |
| Reser's Fine Foods, Inc. | 17-51174 | Open |
| Schwan's Consumer Brands, Inc. | 17-51176 | Open |

| | | |
|---|---|---|
| Select-A-Vision, Inc. | 17-51177 | Open |
| Signature Graphics, Inc. | 17-51178 | Open |
| The Peggs Company, Inc. | 17-51179 | Open |
| YRC, Inc. | 17-51181 | Open |
| Verisae, Inc. | 17-51182 | Open |
| Eleven Western Builders Inc. | 17-51183 | Open |
| Vestcom New Century LLC | 17-51184 | Open |
| Crest Beverage L.L.C. | 17-51185 | Open |
| WIS International, LLC | 17-51187 | Open |
| Trinity Computer Systems, LP | 17-51188 | Open |
| Willard Bishop LLC | 17-51189 | Open |
| Apex Executive Search, LLC | 17-51190 | Open |
| Hambleton Resources, Inc. | 17-51191 | Open |
| Three Group Research LLC | 17-51194 | Open |
| United States Bakery | 17-51196 | Open |
| TNG GP | 17-51198 | Open |
| Coho Distributing LLC, Columbia Distributing Holding LLC | 17-51199 | Open |
| The Odom Corporation | 17-51205 | Open |
| Flowers Baking Co. | 17-51207 | Open |
| Triple "B" Corporation d/b/a Charlie's Produce | 17-51208 | Open |
| The United States Postal Service a/k/a USPS | 17-51211 | Open |
| California Department of Food and Agriculture d/b/a OC Fair & Event Center | 17-51212 | Open |
| Gruma Corporation d/b/a Mission Food Corp. | 17-51213 | Open |
| Steel Technology, LLC | 17-51216 | Open |
| Management Services Northwest, Inc. | 17-51217 | Open |
| Tri-State General Contractors Inc. | 17-51218 | Open |
| Woodman Construction, Inc. | 17-51220 | Open |
| Pepperidge Farm, Incorporated | 17-51222 | Open |
| Pinnacle Foods, Inc. | 17-51224 | Open |

# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HH LIQUIDATION, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 15-11874 (KG)<br>(Jointly Administered) |

---

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS, on behalf of the estates of HH<br>LIQUIDATION, LLC, *et al.*,<br><br>        Plaintiff,<br><br>   v. | |
| AAA Flag & Banner Mfg. Co., Inc., | Adv. Proc. No. 17-51044 (KG) |
| A. M. Wighton and Sons d/b/a A & J Refrigeration, | Adv. Proc. No. 17-51045 (KG) |
| Accutherm Refrigeration, Inc., | Adv. Proc. No. 17-51054 (KG) |
| Alpenrose Dairy, Inc., | Adv. Proc. No. 17-51056 (KG) |
| Anderson Dairy, Inc., | Adv. Proc. No. 17-51057 (KG) |
| Haralambos Beverage Co., | Adv. Proc. No. 17-51059 (KG) |
| Centurylink, Inc., | Adv. Proc. No. 17-51060 (KG) |
| JSI Store Fixtures Incorporated, | Adv. Proc. No. 17-51063 (KG) |
| Coyle Reproductions, Inc., | Adv. Proc. No. 17-51065 (KG) |
| Cyma Orchids Corporation, | Adv. Proc. No. 17-51067 (KG) |
| Gourmet Merchants International, Inc., | Adv. Proc. No. 17-51075 (KG) |
| Granite Telecommunications LLC, | Adv. Proc. No. 17-51077 (KG) |
| E. & J. Gallo Winery d/b/a Gallo Wine Company;<br>Gallo Sales Company, Inc., | Adv. Proc. No. 17-51078 (KG) |
| Federal Heath Sign Company, LLC, | Adv. Proc. No. 17-51080 (KG) |
| First Data Merchant Services LLC, | Adv. Proc. No. 17-51081 (KG) |
| Hickman's Egg Ranch, Inc. d/b/a Hickman's Family<br>Farms, | Adv. Proc. No. 17-51082 (KG) |
| Gauge Consulting, Inc. d/b/a Pada Sushi, | Adv. Proc. No. 17-51083 (KG) |
| Julian Pie Company, LLC, | Adv. Proc. No. 17-51084 (KG) |
| Pacific Beverage Co., | Adv. Proc. No. 17-51089 (KG) |
| Ivar's Cabinet Shop, Inc. d/b/a Ivar's Displays, | Adv. Proc. No. 17-51091 (KG) |
| Solis Lighting and Electrical Services, Inc., | Adv. Proc. No. 17-51092 (KG) |

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: HH Liquidation, LLC (f/k/a Haggen Holdings, LLC) (7558), HH Operations, LLC (f/k/a Haggen Operations Holdings, LLC) (6341), HH Opco South, LLC (f/k/a Haggen Opco South, LLC) (7257), HH Opco North, LLC (f/k/a Haggen Opco North, LLC) (5028), HH Acquisition, LLC (f/k/a Haggen Acquisition, LLC) (7687), and HH Legacy, Inc. (f/k/a Haggen, Inc.) (4583). The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

| | |
|---|---|
| Kasco, LLC, | Adv. Proc. No. 17-51093 (KG) |
| Synchrogistics, LLC, | Adv. Proc. No. 17-51096 (KG) |
| King Retail Solutions, Inc., | Adv. Proc. No. 17-51097 (KG) |
| Rief Enterprises, Inc. d/b/a South Bay Abrams, | Adv. Proc. No. 17-51098 (KG) |
| Laurel Graphics and Fabrication Company, | Adv. Proc. No. 17-51102 (KG) |
| Township Building Services, Inc., | Adv. Proc. No. 17-51105 (KG) |
| Design Fabrications, Inc., | Adv. Proc. No. 17-51107 (KG) |
| Loomis Armored US, LLC, | Adv. Proc. No. 17-51109 (KG) |
| Harbor Distributing Co., | Adv. Proc. No. 17-51110 (KG) |
| Market Refrigeration Specialists, Inc., | Adv. Proc. No. 17-51111 (KG) |
| Mayflower Distributing Company, Inc., | Adv. Proc. No. 17-51112 (KG) |
| Better Planet Brands LLC, | Adv. Proc. No. 17-51118 (KG) |
| Bunzl Distribution USA, LLC, | Adv. Proc. No. 17-51119 (KG) |
| Crown Pacific Fine Foods, Inc., | Adv. Proc. No. 17-51120 (KG) |
| Darigold, Inc., | Adv. Proc. No. 17-51121 (KG) |
| Decopac, Inc., | Adv. Procol. No. 17-51124 (KG) |
| Rose Gonzales Plants, Inc., | Adv. Proc. No. 17-51127 (KG) |
| Reddy Ice Corporation, | Adv. Proc. No. 17-51128 (KG) |
| Lwin Family Co., LLC d/b/a Hissho Sushi, | Adv. Proc. No. 17-51129 (KG) |
| Steve Julius Construction, Inc., | Adv. Proc. No. 17-51131 (KG) |
| Panda Express, Inc., | Adv. Proc. No. 17-51132 (KG) |
| National Health Information, Inc., | Adv. Proc. No. 17-51134 (KG) |
| Red Bull Distribution Company, Inc., | Adv. Proc. No. 17-51135 (KG) |
| Red Bird Farms Distribution Company, | Adv. Proc. No. 17-51136 (KG) |
| S-L Distribution Company, LLC, | Adv. Proc. No. 17-51138 (KG) |
| ITW Food Equipment Group LLC d/b/a Hobart Service, | Adv. Proc. No. 17-51139 (KG) |
| Nevada Beverage Co., | Adv. Proc. No. 17-51146 (KG) |
| Superior Electrical, Mechanical & Plumbing Inc., | Adv. Proc. No. 17-51148 (KG) |
| Tony's Coffees & Teas, Inc., | Adv. Proc. No. 17-51149 (KG) |
| Icontrol Systems USA, LLC, | Adv. Proc. No. 17-51150 (KG) |
| Inderbitzin Distributors, Inc., | Adv. Proc. No. 17-51151 (KG) |
| Florists' Transworld Delivery, Inc., | Adv. Proc. No. 17-51153 (KG) |
| DPI Specialty Foods, Inc., | Adv. Proc. No. 17-51154 (KG) |
| National Food Corporation, | Adv. Proc. No. 17-51157 (KG) |
| Medosweet Farms, Inc., | Adv. Proc. No. 17-51159 (KG) |
| Key Mechanical Co. of Washington, | Adv. Proc. No. 17-51161 (KG) |
| Marketouch Media, Inc., | Adv. Proc. No. 17-51162 (KG) |
| PDX, Inc., | Adv. Proc. No. 17-51164 (KG) |
| Real Soda In Real Bottles, Ltd., | Adv. Proc. No. 17-51165 (KG) |
| RX.Com Consulting, Inc., | Adv. Proc. No. 17-51166 (KG) |
| Total Cleaning Solutions, Inc., | Adv. Proc. No. 17-51168 (KG) |
| Ocean Beauty Seafoods LLC, | Adv. Proc. No. 17-51169 (KG) |
| Peet's Coffee & Tea, LLC, | Adv. Proc. No. 17-51172 (KG) |
| Schwan's Consumer Brands, Inc., | Adv. Proc. No. 17-51176 (KG) |
| Select-A-Vision, Inc., | Adv. Proc. No. 17-51177 (KG) |

2

| | |
|---|---|
| Signature Graphics, Inc., | Adv. Proc. No. 17-51178 (KG) |
| The Peggs Company, Inc., | Adv. Proc. No. 17-51179 (KG) |
| YRC Inc., | Adv. Proc. No. 17-51181 (KG) |
| Eleven Western Builders Inc., | Adv. Proc. No. 17-51183 (KG) |
| Vestcom New Century LLC d/b/a Vestcom Retail Solutions, | Adv. Proc. No. 17-51184 (KG) |
| Crest Beverage L.L.C., | Adv. Proc. No. 17-51185 (KG) |
| Trinity Computer Systems, LP, | Adv. Proc. No. 17-51188 (KG) |
| Willard Bishop LLC, | Adv. Proc. No. 17-51189 (KG) |
| Apex Executive Search, LLC, | Adv. Proc. No. 17-51190 (KG) |
| Hambleton Resources, Inc., | Adv. Proc. No. 17-51191 (KG) |
| Three Group Research LLC, | Adv. Proc. No. 17-51194 (KG) |
| United States Bakery d/b/a Franz Family Bakeries/Franz West, | Adv. Proc. No. 17-51196 (KG) |
| TNG GP f/k/a The News Group L.P., | Adv. Proc. No. 17-51198 (KG) |
| COHO Distributing LLC; Columbia Distributing Holdings LLC, | Adv. Proc. No. 17-51199 (KG) |
| The Odom Corporation, | Adv. Proc. No. 17-51205 (KG) |
| Flowers Baking Co. of California, LLC, | Adv. Proc. No. 17-51207 (KG) |
| Triple "B" Corporation d/b/a Charlie's Produce, | Adv. Proc. No. 17-51208 (KG) |
| The United States Postal Service a/k/a USPS, | Adv. Proc. No. 17-51211 (KG) |
| Gruma Corporation d/b/a Mission Food Corp., | Adv. Proc. No. 17-51213 (KG) |
| Steel Technology, LLC d/b/a Hydro Flask, | Adv. Proc. No. 17-51216 (KG) |
| Management Services Northwest, Inc., | Adv. Proc. No. 17-51217 (KG) |
| Tri-State General Contractors Inc, | Adv. Proc. No. 17-51218 (KG) |
| Woodman Construction, Inc., | Adv. Proc. No. 17-51220 (KG) |
| Pepperidge Farm, Incorporated, | Adv. Proc. No. 17-51222 (KG) |
| Pinnacle Foods, Inc. d/b/a Tim's Cascade Snacks, | Adv. Proc. No. 17-51224 (KG) |
| Defendants. | |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

1.    Any extension of time to file a responsive pleading to the complaint is not effective unless approved in accordance with the Local Rules of Bankruptcy Practice and

01:22763716.1

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") or by Order of the Court.

2.      For cases with an amount at issue less than $75,000, the defendant may unilaterally elect to toll discovery, in accordance with Local Rule 9019-5(j), until after the filing of a mediator's Certificate of Completion (the "Mediator's Certificate") pursuant to Local Rule 9019-5(f)(ii) by filing a stipulation in substantially the form attached hereto as Exhibit A within twenty (20) days after the date this Scheduling Order is entered.  For cases with an amount at issue in excess of $75,000, the parties may mutually agree to toll discovery until after the filing of a Mediator's Certificate by filing a stipulation in substantially the form attached hereto as Exhibit A within twenty (20) days after the date this Scheduling Order is entered, in which case the following subparagraphs (a) through (e) shall apply:

a.      The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall be deemed to have taken place, provided, however, that the parties each reserve their rights regarding issues concerning electronic discovery.

b.      No later than ninety (90) days after this Scheduling Order is entered, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

c.      The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than thirty (30) days after the filing of the Mediator's Certificate.

01:22763716.1

Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for cause shown.

        d.     All formal discovery between the parties shall be tolled until after the filing of the Mediator's Certificate. All fact discovery shall be completed no later than one hundred twenty (120) days after the filing of the Mediator's Certificate. Unless the parties otherwise agree, the discovery of Electronically Stored Information shall be made in accordance with Electronic Discovery Default Standard of the United States District Court for the District of Delaware.

        e.     Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtors, no later than one hundred sixty-five (165) days after the filing of the Mediator's Certificate. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, notice of the Defendant's intent to submit any such expert report must be provided no later than one hundred fifty (150) days after the filing of the Mediator's Certificate, and any such expert report must be provided no later than one hundred eighty (180) days after the filing of the Mediator's Certificate. Any expert rebuttal report by Plaintiff on the insolvency of the Debtors, shall be provided no later than two hundred ten (210) days after the filing of the Mediator's Certificate. Any Party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this subparagraph, shall be provided no later than thirty (30) days after the report being rebutted, provided, however, that in no event shall the

5

thirty (30) day period start prior to one hundred twenty (120) days after the filing of the

Mediator's Certificate.  All reports shall provide the information required by Fed.R.Civ.P.

26(a)(2)(B).  All expert discovery shall be completed no later than two hundred seventy (270)

days after the filing of the Mediator's Certificate.

       3.      If the parties do not agree to toll discovery until after the conclusion of

mediation in accordance with paragraph 2 of this Order, the following subparagraphs (a) through

(d) shall apply:

       a.      The discovery planning conference described in Fed.R.Civ.P.

26(f), made applicable by Fed.R.Bankr.P. 7026, shall be deemed to have taken place, provided,

however, that the parties each reserve their rights regarding issues concerning electronic

discovery.

       b.      The parties shall provide the initial disclosures under Fed.R.Civ.P.

26(a)(1) no later than thirty (30) days after the date this Scheduling Order is entered.  Any

extension of the deadline to provide initial disclosures must be by Order of the Court and will

only be granted for cause shown.

       c.      All fact discovery shall be completed no later than one hundred

twenty (120) days after the date this Scheduling Order is entered.  Unless the parties otherwise

agree, the discovery of Electronically Stored Information shall be made in accordance with

Electronic Discovery Default Standard of the United States District Court for the District of

Delaware.

01:22763716.1

d.      Any expert report required pursuant to Federal Rule of Civil

Procedure 26(a)(2)(B) shall be served by the Party which bears the burden of proof for that issue,

not including any report by Plaintiff on insolvency of the Debtor, no later than one hundred

sixty-five (165) days after the date this Scheduling Order is entered.  If the Defendant intends to

provide expert testimony regarding the insolvency of the Debtors, notice of the Defendant's

intent to submit any such expert report must be provided no later than one hundred fifty (150)

days after the date this Scheduling Order is entered, and any such expert report must be provided

no later than one hundred eighty (180) days after the date this Scheduling Order is entered.  Any

expert rebuttal report by Plaintiff on the insolvency of the Debtors shall be provided no later than

two hundred ten (210) days after the date this Scheduling Order is entered.  Any Party's expert

report intended to rebut any other expert report, including any other expert reports that may be

filed earlier than the deadlines established in this subparagraph, shall be provided no later than

thirty (30) days after the report being rebutted, provided, however, that in no event shall the

thirty (30) day period start prior to one hundred twenty (120) days after the date this Scheduling

Order is entered.  All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B).

All expert discovery shall be completed, and discovery shall close, no later than two hundred

seventy (270) days after the date this Scheduling Order is entered.

4.      Pursuant to the General Order Regarding Procedures in Adversary

Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, and except as

otherwise provided pursuant to Paragraph 2.b. of this Scheduling Order, no later than one

hundred twenty (120) days, after this Scheduling Order is entered, the parties shall file a

01:22763716.1

Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

5.     Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the Mediator's Certificate, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.  All mediations shall be conducted in the State of Delaware unless otherwise agreed by the parties in a particular adversary proceeding.

6.     All motions pursuant to Rule 5011-1 of the Local Rules, including a motion for withdrawal of the reference or motion for a determination of whether the Court has authority to enter final orders and judgments, shall be filed and served not sooner than thirty (30) days after the close of all discovery and not later than 60 days prior to trial, and shall be subject to the Local Rules.

7.     All dispositive motions shall be filed and served by not later than sixty (60) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules.

8.     The parties shall comply with the General Order Governing Pre-Trial Procedures in Adversary Proceedings Set for Trial Before Judge Kevin Gross. The parties shall file, no later than two (2) business days prior to the earlier of date set for (I) pre-trial conference (if one is scheduled) or (ii) trial, their Final Pretrial Order approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Gross' chambers.

9.      As soon as is feasible after the close of all discovery, the Plaintiff shall contact the Court to schedule a final pretrial conference in accordance with Local Rule 7016-2(a).

10.      The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible.  The Plaintiff shall file a status report forty-five (45) days after the date of this Scheduling Order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order.  Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

11.      Unless otherwise stated herein, all deadlines contained herein may be amended by agreement of the parties, provided that no extension shall be effective without court approval if it permits a pleading to be filed less than one week before a hearing concerning such pleading.

12.      The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: _____, 2018          _____
          Wilmington, DE                                    The Honorable Kevin Gross
                                                                    United States Bankruptcy Judge

01:22763716.1

**<u>EXHIBIT A TO ORDER</u>**

01:22763716.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HH LIQUIDATION, LLC, *et al*.,[1]<br><br>                         Debtors. | Chapter 11<br><br>Case No. 15-11874 (KG)<br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of HH LIQUIDATION, LLC, *et al*.,<br><br>                         Plaintiff,<br><br>       v.<br><br>[DEFENDANT]. | Adv. Proc. No. 17-_____ (KG) |

## STIPULATION TO TOLL
## DISCOVERY UNTIL AFTER THE CONCLUSION OF MEDIATION

Plaintiff, the Official Committee of Unsecured Creditors on behalf of the bankruptcy estates of HH Liquidation, LLC and its affiliated debtors (the "Plaintiff"), and the above-captioned defendant (the "Defendant" and together with the Plaintiff, the "Parties"), hereby agree and stipulate that, in according with the scheduling order dated January ___, 2018, discovery shall be tolled until after the filing of a mediator's Certificate of Completion pursuant to Local Rule 9019-5(f)(ii).

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: HH Liquidation, LLC (f/k/a Haggen Holdings, LLC) (7558), HH Operations, LLC (f/k/a Haggen Operations Holdings, LLC) (6341), HH Opco South, LLC (f/k/a Haggen Opco South, LLC) (7257), HH Opco North, LLC (f/k/a Haggen Opco North, LLC) (5028), HH Acquisition, LLC (f/k/a Haggen Acquisition, LLC) (7687), and HH Legacy, Inc. (f/k/a Haggen, Inc.) (4583).  The mailing address for each of the Debtors is 2211 Rimland Drive, Bellingham, WA 98226.

Dated: _____, 2018

PACHULSKI STANG ZIEHL & JONES LLP          [FIRM]

---

| | |
|---|---|
| Bradford J. Sandler (DE Bar No. 4142) | [Attorney] |
| Andrew W. Caine (CA Bar No. 110345) | [Address] |
| Peter J. Keane (DE Bar No. 5503) | [City, State, Zip] |
| 919 North Market Street, 17th Floor | Tel: _____ |
| P.O. Box 8705 | Fax: _____ |
| Wilmington, DE 19899-8705 (Courier 19801) | Email: _____ |
| Telephone: (302) 652-4100 | |
| Facsimile:  (302) 652-4400 | Counsel for Defendant |
| Email: bsandler@pszjlaw.com | |
|        acaine@pszjlaw.com | |
|        pkeane@pszjlaw.com | |

Counsel for Plaintiff

2